bn THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DILLON MILES GUSTUSON,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY JAIL et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND DISMISSAL ORDER**<br><br>Case No. 2:22-cv-00264-JNP<br><br>District Judge Jill N. Parrish |

As an inmate at Salt Lake County Jail (SLCJ), Plaintiff Dillon Miles Gustuson filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2025),[1] proceeding *in forma pauperis*, *see* 28 *id.* § 1915. (ECF Nos. 1, 4-5.)

After screening Plaintiff's Complaint, the Court ordered him to cure its numerous deficiencies. (ECF Nos. 5, 8.) In that Cure Order, the Court gave specific guidance on the deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims. (ECF No. 8.) The Court advised, "[T]he Court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal." (*Id.* at 8.)

Plaintiff has since filed the Amended Complaint (AC). (ECF No. 13.) In it, he names the following SLCJ defendants: "Sgt. Martin, Randolph, Miller, Anderson, Lovell, Anderson and the

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

rest of Bravo pod staff at Salt Lake Co Jail."[2] (*Id.*) Plaintiff asserts local officials violated his federal constitutional rights daily between March and July 2022, as follows: "malnutrition improperly prepared food denying mail cruel & unusual punishment freedom of speech." [Sic] (*Id.*) He goes on to allege, "They denied my mail for months they chained me up & drug me around the section then chained me to each wall for my alloted time out." [Sic] (*Id.*) Finally, he contends his food was "served [in] small portions that were always cold" and his "mattress & blankets were taken from [him] for 12 hours at a time." (*Id.*) To remedy his alleged consequent injuries of physical scars and "compromised" mental health, Plaintiff requests damages and injunctive relief of staff training and changes of "policy and procedure." (*Id.*)

---

[2] The Tenth Circuit has said the following about unnamed defendants:
> Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served. *See Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir. 1983); *Schiff v. Kennedy*, 691 F.2d 196, 197-98 (4th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Colle v. Brazos Cnty.*, 981 F.2d 237, 243 (5th Cir. 1993) (noting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), with approval, but affirming dismissal of suit against unnamed defendants for failure to prosecute where defendants remained unnamed for three years).

*Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).
   Plaintiff has not suggested any efforts he has made to ascertain the identities of the unnamed Bravo pod staff defendants, nor has he described facts sufficient to identify them. They are not even enumerated. Accordingly, the unnamed Bravo pod staff are dismissed for failure to state a claim for relief under § 1983. *See Hill v. Corr. Corp. of Am.*, 14 F. Supp. 2d 1235, 1238 (D. Kan. 1998) ("The John Doe defendants described only as [entity] employees have not been named or identified in the pleadings in any manner whatsoever. As a consequence, personal service could never be effectuated, and no relief can be awarded against them. Plaintiff alleges in conclusory fashion that he was assaulted and discriminated against by 'defendants' but never describes events or alleges dates, locations, specific acts or other details. Nor does he ascribe any particular acts to a certain defendant.").

Having now thoroughly screened and liberally construed[3] the AC under its statutory review function,[4] the Court dismisses this action.

## I. ANALYSIS--FAILURE TO STATE A CLAIM

### A. Standard of Review for *Sua Sponte* Dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor--the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers

---

[3]The Court recognizes Plaintiff's *pro se* status, and so construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the Court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this Court's bar. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[4]The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves v. Kory*, No. 24-1048, 2024 U.S. App. LEXIS 12964, at *2-3 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678). Also, "[f]acts, not conclusions, must be pleaded--'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'" *Renaud v. Ross*, No. 1:22-CV-212, 2023 U.S. Dist. LEXIS 19808, at *8 (D. Wy. Jan. 27, 2023) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

As the Court reviews the sufficiency of Plaintiff's allegations, it painstakingly does so per individual defendant, per cause of action. *See Williams v. Utah Dep't of Corr.*, 928 F. 3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . . [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F.3d at 1249-50 (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10). When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the plaintiff has not carried the burden of providing "adequate notice as to the nature of the claims

against each." *Id.* at 1250. For instance, when a complaint uses "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*[5]

---

[5] Because the original complaint had not adequately "affirmatively link[ed] the defendant to specific civil-rights violations," the Cure Order contained a section marked, "Affirmative Link," under which Plaintiff was alerted that each defendant must be separately linked to the particular behavior that constitutes a legal claim. (ECF No. 8.) This quote from a case was provided to Plaintiff so that he would understand his burden:

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" when district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

(ECF No. 8, at 5) (quoting *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019)). Plaintiff was further warned,

> "A plaintiff's failure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal." *Id.* at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id.*

(*Id.*) (quoting *Roemer*, 764 F. App'x at 790 n.5).

Other directions in the Cure Order stated,

> (ii) The complaint must clearly state in the body of the complaint what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250).
>
> (iii) Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Presented with such a complaint, 'a defendant

## B. Plaintiff's Allegations

Plaintiff's spare and conclusory allegations do not meet the standards Plaintiff was told of in the Cure Order. (ECF No. 8.) In fact, not one of his vague claims is linked to a named defendant. There is no hint as to which of the individual defendant(s) may have prepared the malnourishing food, denied his mail, removed his mattress and blanket, or dragged him on a chain. (ECF No. 13.) To designate the defendants involved, Plaintiff unacceptably lumps them together, using the loose term "they," when describing who denied his mail and chained him to the wall. (*Id.* at 4.) Though thoroughly alerted to his pleading duties, Plaintiff does not "isolate the allegedly unconstitutional acts of each defendant"; thus, Plaintiff gives inadequate notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250. Indeed, Plaintiff does not heed the Court's direction that a full explanation of the "'who,' 'what,' . . . 'when,' and 'why'" is required, leaving his allegations insufficient to state a claim. (ECF No. 8, at 4 (quoting *Robbins*, 519 F.3d at 1248).)

Further, Plaintiff's terse assertions of inadequate physical treatment and denied mail do not "give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). The AC has truly nothing "more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves*, 2024 U.S. App. LEXIS 12964, at *2-3 (quoting *Iqbal*, 556 U.S. at 678). Without specifying individual defendant behaviors, Plaintiff says he was harmed but does not provide crucial links between any one defendant and any one allegation of mistreatment. And he does not provide factual details that build toward the support needed for each element of separate causes

---

seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").
(ECF No. 8.)

of action. Indeed, "[f]acts, not conclusions, must be pleaded"; the Court is not required to accept as true "a 'legal conclusion couched as a factual allegation.'" *Renaud*, 2023 U.S. Dist. LEXIS 19808, at *8 (quoting *Iqbal*, 556 U.S. at 678).

It is important to note that a conditions-of-confinement claim's adequacy is drawn from "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'" *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the condition increases, the length of exposure required to make out a constitutional violation decreases. *Id.* In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . . 'may meet the standard despite a shorter duration." *Id.* (citations omitted).

However, Plaintiff's curt statements, for instance, that small portions of cold food were provided and his mattress and blanket were removed for twelve hours at a time, (ECF No. 13), do not support any part of the elements of such a cause of action. For instance, there are no factual allegations from which to draw an inference about the seriousness of injuries that are unidentified. This, despite the requirement that "the [physical] deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, the first prong of a cruel-and-unusual-punishment claim has not been met with requisite allegations. Further, there are no factual allegations from which to draw an inference about any particular defendant's knowledge of whether Plaintiff's harm was serious, and that defendant's subsequent decision to do nothing to help Plaintiff, despite the defendant's knowledge of serious harm. The AC does not give "the particular facts of" Plaintiff's deprivations so that the Court may carefully

consider "the circumstances, nature, and duration of the challenged conditions." *Despain*, 264 F.3d 965 at 974 (cleaned up).

As to the allegations of Plaintiff being chained, shackled, and dragged around, leaving him with scars and mental-health symptoms--serious and disturbing as these allegations are--he has, fatally, not linked them to any specific defendant, despite being thoroughly instructed as to his pleading duties and warned that such omissions would require dismissal.

Plaintiff's articulation of all his allegations fails to "isolate the allegedly unconstitutional acts of each defendant"; Plaintiff therefore gave insufficient notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250. And, because the facts Plaintiff alleges are insufficient to support plausible claims of unconstitutionally inhumane carceral conditions and mail denials, these causes of action are dismissed.

## II. ORDER

For failure to state a claim upon which relief may be granted, **IT IS ORDERED** that Plaintiff's Amended Complaint, (ECF No. 13), is **DISMISSED** with prejudice, *See* 28 U.S.C.S. § 1915(e)(2)(B) (2025). Two iterations of the complaint, (ECF Nos. 5, 13), and a full round of comprehensive guidance on curing deficiencies, (ECF No. 8), have not resulted in an adequate pleading. It is apparent to the Court that further opportunity to amend would not lead to a different result.

DATED June 4, 2025.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court